UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI, OHIO

| | | |
|---|---|---|
| **JANE DOE,** | **:** | **CASE NO. 1:23-cv-517** |
| | **:** | |
| **Plaintiff,** | **:** | **JUDGE JEFFREY P. HOPKINS** |
| | **:** | |
| **vs.** | **:** | |
| | **:** | **PLAINTIFF'S MOTION TO** |
| **DEPARTMENT OF HOMELAND** | **:** | **PROCEED PSEUDONYMOUSLY** |
| **SECURITY, et al.** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

Now comes Plaintiff, by and through counsel, and moves the Court to proceed in this case under the pseudonym "Jane Doe." Plaintiff's true identity is known to Defendants and will be disclosed to the Court. This Motion is supported by the attached Memorandum.

Respectfully Submitted,


/s/ *Konrad Kircher*
Konrad Kircher (0059249)
Ryan J. McGraw (0089436)
RITTGERS RITTGERS & NAKAJIMA
12 E. Warren St.
Lebanon, Ohio 45036
(513) 932-2115
(513) 934-2201 Facsimile
konrad@rittgers.com
ryan@rittgers.com
*Attorneys for Plaintiff*

**MEMORANDUM**

**Facts**

The Complaint establishes that Plaintiff is a 25-year-old female native of Mexico and detainee of the United States. Plaintiff was assigned to Defendant Deportation Officer Golobic,

1

who sexually exploited and raped her at his home. Golobic is currently being prosecuted by the U.S. Government for his sex trafficking crimes against Plaintiff.

Plaintiff brings claims against Golobic and federal governmental entities for violations of the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.,* and Trafficking Victims Protection Act, 18 U.S.C. § 1581 *et seq.* The Complaint was filed under the pseudonym "Jane Doe," as she is the victim of sexual crimes and publicity of her true identity will cause further unwarranted trauma to her.

### Law and Argument

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Under certain circumstances, however, the district court may allow a plaintiff to proceed under a pseudonym by granting a protective order. *Porter*, 370 F.3d at 560. In determining whether to grant such an order, district courts consider: (1) whether the plaintiff is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child. *Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

This Court has followed the *Porter* analysis recently in allowing plaintiffs to proceed pseudonymously. In *Doe v. Mitchell,* Case No. 2:20-cv-00459, 2020 WL 6882601, Magistrate Judge Litkovitz was faced with a situation in which an adult female was suing the City of Columbus and a police officer for civil rights violations, alleging she was raped by the officer during the course and scope of his employment. Judge Litkovitz found that the balance of factors weighed in favor of a finding that plaintiff Jane Doe's "privacy interests substantially outweigh the

presumption of open judicial proceedings. 2020 WL 6882601 at *5. Federal courts have recognized the privacy interests of alleged sexual assault victims and have held that those privacy interests "outweigh the presumption in favor of openness." *Id.* (string cite omitted). The Court then recognized that, in describing the rapes, the plaintiff in that case would be required to reveal information of the utmost intimacy, such that there were compelling reasons to protect her privacy. *Id.* at *6. The Court also recognized that the first factor - whether plaintiff is seeking anonymity to challenge government activity - applied in favor of anonymity. *Id.* Finally, the Court found that defendants were not prejudiced by the anonymity, given that the plaintiff's true identity would be disclosed to them.

Even more recently, in *Doe v. Streck,* 522 F.Supp.3d 332, Case No. 3:20-cv-00513, Judge Michael Newman granted a motion to proceed pseudonymously. The facts in that case were similar to those in *Doe v. Mitchell,* with plaintiffs alleging they had been sexually assaulted by employees of the sheriff's office on government property. Judge Newman found that the first two *Porter* factors weighed in favor of plaintiffs. *Id.* at 334. The Court also found that the defendants will not be prejudiced, as they had been provided the true names of the plaintiffs. *Id.*

The facts of this case also weigh in favor of pseudonymity. Indeed, the factors are closely analogous to those in *Doe v. Mitchell* and *Doe v. Streck.*

## CONCLUSION

For the reasons stated above, Plaintiff moves for an Order permitting her to proceed in this case under the pseudonym "Jane Doe."

Respectfully Submitted,


/s/ *Konrad Kircher*
Konrad Kircher (0059249)
Ryan J. McGraw (0089436)

RITTGERS RITTGERS & NAKAJIMA
12 E. Warren St.
Lebanon, Ohio 45036
(513) 932-2115
(513) 934-2201 Facsimile
konrad@rittgers.com
ryan@rittgers.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed with the Court through its e-filing system and will be served upon all counsel of record through that system.


/s/ *Konrad Kircher*
Konrad Kircher (0059249)