IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JANE DOE, | : |
| *Plaintiff*, | : Case No. 1:23-cv-517 |
| vs. | : Judge Jeffery P. Hopkins |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | : |
| *Defendants*. | : |

**ORDER**

This matter is before the Court on the Plaintiff's Motion to Proceed Pseudonymously (Doc. 2) (the "Motion"). The Plaintiff requests leave to proceed under pseudonym due to the sensitive nature of the claims in this case, which allege violations of the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, and the Trafficking Victims Protection Act, 18 U.S.C. § 1581, *et seq*. For the reasons set forth below, the Plaintiff's Motion is **GRANTED**.

I. **LAW & ANALYSIS**

A complaint must name all parties. *See* Fed R. Civ. P. 10(a). A court, however, may allow a party to proceed under pseudonym where the party's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In balancing these interests, a court should consider:

> (1) whether the [individual] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [individual] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [the individual] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [individual is a child].

*Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

The first and second *Porter* factors apply in this case and both factors weigh in favor of the Plaintiff proceeding pseudonymously. There is no doubt that the Plaintiff is suing to challenge governmental activity. Her complaint involves allegations related to the Defendants' failure to have sufficient policies, practices, and oversight to detect and prevent sexual abuse of vulnerable detainees. Compl., Doc. 1, PageID 6. She also alleges that the Defendants retaliated against her by continuing deportation proceedings notwithstanding her status as a key witness in the ongoing criminal prosecution of Defendant Andrew Golobic. *Id.* at PageID 7–8.

In pursuit of her claims, the Plaintiff will be required to disclose extremely private information which center on her allegations that Defendant Golobic, a deportation officer, sexually assaulted her several times while she was under his supervision. *Id.* at PageID 2–4. Other courts in this district have permitted plaintiffs to proceed by pseudonym in cases like this one that involve allegations of sexual assault because the alleged sexual assaults concerned matters "of the utmost intimacy." *See Doe v. Mitchell*, No. 2:20-cv-459, 2020 WL 6882601, at *5–7 (S.D. Ohio Nov. 24, 2020) (case involving allegations of sexual assault by a police officer); *Doe v. Streck*, 522 F.Supp.3d 332, 334 (S.D. Ohio 2021) (case involving allegations of sexual assault by correctional officers). For these reasons, the relevant *Porter* factors balance in favor of the Plaintiff proceeding pseudonymously.

Based on the posture of this case, the Court does not have the benefit of a response from the Defendants. Nevertheless, given the nature of this case and other relevant proceedings, the Court accepts as true the Plaintiff's representation that her actual identity is already known to the Defendants. The Defendants therefore will not be prejudiced if the Plaintiff proceeds pseudonymously. *Mitchell*, 2020 WL 6882601, at *6 (finding private

disclosure of plaintiff's identity to defense counsel to be a sufficient measure to protect defendants from prejudice). Accordingly, because the privacy interests in this case substantially outweigh the presumption of openness of judicial proceedings, the Plaintiff will be permitted to proceed by pseudonym.

## II. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Proceed Pseudonymously (Doc. 2) is hereby **GRANTED**. All filings in this matter shall refer to the Plaintiff as Jane Doe.

**IT IS SO ORDERED.**

December 27, 2023

Jeffery P. Hopkins
United States District Judge

3