UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | CASE NO.: 1:23-cv-517 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY P. HOPKINS |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF HOMELAND | ) | FEDERAL DEFENDANTS' |
| SECURITY, et al. | ) | MOTION TO DISMISS FOR LACK |
| | ) | OF SUBJECT MATTER |
| | ) | JURISDICTION AND FAILURE TO |
| Defendants. | ) | STATE A CLAIM |

Now come the Federal Defendants, United States Department of Homeland Security,

United States Immigration and Customs Enforcement, and the United States of America

(collectively "United States"), by and through undersigned counsel, and respectfully moves to

dismiss the Complaint of Plaintiff Jane Doe (hereinafter "Plaintiff") against the United States.

The grounds for dismissal are lack of subject matter jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1) and failure to state a claim pursuant to 12(b)(6). A Memorandum in Support is attached

and incorporated as if written herein.

Respectfully submitted,
REBECCA C. LUTZKO
United States Attorney
Northern District of Ohio

By:  s/ Sara E. DeCaro
Sara E. DeCaro (0072485)
Ruchi V. Asher ((0090917)
Assistant United States Attorneys
Acting Under Authority Conferred by 28 U.S.C. § 515
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3670 – DeCaro
(216) 622-3718 - Asher
(216) 522-4982 - FAX
Sara.DeCaro@usdoj.gov
Ruchi.Asher@usdoj.gov

Attorneys for the DHS, ICE, and USA

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system. A copy of this filing was also sent via

regular U.S. Mail to:

Andrew Golobic
562 Maple Lane
Mason, OH 45040

*/s/ Sara E. DeCaro*
Sara E. DeCaro
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | CASE NO.: 1:23-cv-517 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY P. HOPKINS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| DEPARTMENT OF HOMELAND | ) | THE FEDERAL DEFENDANTS' |
| SECURITY, et al. | ) | MOTION TO DISMISS FOR LACK |
| | ) | OF SUBJECT MATTER |
| | ) | JURISDICTION AND FAILURE TO |
| Defendants. | ) | STATE A CLAIM |

Now come the Federal Defendants, United States Department of Homeland Security, United States Immigration and Customs Enforcement, and the United States of America (collectively "United States"), through the undersigned Assistant United States Attorneys, Acting Under Authority Conferred by 28 U.S.C. § 515, and respectfully move this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## I.     INTRODUCTION

On August 15, 2023, Plaintiff filed her Complaint against the United States and Defendant Andrew Golobic pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, the Victims of Trafficking and Violence Protection Act of 2000, 18 U.S.C. § 1581, Trafficking Victims Protection Act, 18 U.S.C. § 1591, and the Trafficking Victims Protection Reauthorization Act of 2003, 18 U.S.C. et seq.; § 1595 (collectively the "TVPRA"). (Compl., ECF No. #1, PageID # 6.).  Plaintiff alleges that Defendant Golobic, a former employee

of the United States Immigration and Customs Enforcement[1], sexually assaulted Plaintiff while she was a participant in ICE's Alternatives to Detention Program ("ATD"), which allows certain noncitizens to remain free pending the adjudication of their immigration cases. *United States v. Andrew Golobic,* Case No. 1:22-cr-107, (S.D. Ohio, Dec. 7, 2022) [hereinafter *Golobic* Crim. Case] (*Golobic* Crim. Case, Indictment, ECF No. 1, Doc #1, Indictment para. 3, PageID # 1-2); https://www.ice.gov/features/atd.

The United States moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim. In particular, Plaintiff failed to submit her tort claim to ICE within two years of its accrual and is not entitled to tolling, the United States is not liable under the FTCA for conduct that falls outside of an employee's scope of employment, and Plaintiff has not identified a waiver of sovereign immunity permitting her claim under the TVPRA, 18 U.S.C. §§ 1581, 1591, and 1595.

## II.  STANDARD OF REVIEW

### A.  Lack of Subject Matter Jurisdiction—Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a motion to dismiss for lack of subject matter jurisdiction. The party asserting that subject-matter jurisdiction exists, *i.e.*, the Plaintiff in this matter, bears the burden of establishing that such jurisdiction exists. *Hale v. Morgan Stanley Smith Barney LLC*, 982 F.3d 996, 997 (6th Cir. 2020) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Subject matter jurisdiction cannot be waived. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702

---

[1] The United States should not be substituted for Defendant Golobic in this case. Defendant Golobic did not request certification that he was acting within the scope of his employment under the FTCA, 28 U.S.C. § 2679(d)(1). The U.S. Attorney for the Southern District of Ohio prosecuted Defendant Golobic for these and other acts. (*See Golobic* Crim. Case, Indictment, ECF No. 1, PageID # 1-2).

2

(1982). Therefore, it is incumbent upon federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking. *Watson v. Cartee*, 817 F.3d 299, 302-03 (6th Cir. 2016) (quoting Fed. R. Civ. P. 12(h)(3): "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

### B.    Failure to State a Claim—Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) empowers a court to grant a motion to dismiss when a complaint fails to state a claim upon which relief can be granted.  Federal Rule of Civil Procedure 8(a)(2) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In deciding a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must treat all factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  Importantly, the court "need not accept as true legal conclusions or unwarranted factual inferences."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 443, 466 (6th Cir. 2000)). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Advocacy Org. For Patients & Providers v. Auto Club Ins. Ass'n.*, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted)).

**LAW AND ARGUMENT**

Plaintiff brings two causes of action in this matter. Both claims fail and must be dismissed. Plaintiff's FTCA claim is deficient because it is time-barred and not subject to equitable tolling. Additionally, Defendant Golobic was not acting in the scope of his employment at the time of the alleged sexual assaults, as such, the United States is not liable for Defendant Golobic's actions. The United States has not waived sovereign immunity for TVPRA claims against the government, so Plaintiff's second cause of action is fatally flawed.

I. **PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FTCA**

A. **Plaintiff's Claim is Time-Barred Under the Federal Tort Claims Act[2]**

The FTCA imposes two filing deadlines on claimants. Relevant here is the presentment requirement. A plaintiff must present a claim in writing to the appropriate federal agency within two years of the time the claim accrues. 28 U.S.C. § 2401(b). If a plaintiff fails to meet this deadline, the claim "shall be forever barred." *Id*.

"[F]ederal law controls as to when a claim accrues under the FTCA." *Chomic v. United States*, 377 F.3d 607, 610 (6th Cir. 2004)(citing *United States v. Kubrick*, 444 U.S. 111, 123 (1979)). Tort claims under the FTCA accrue at the time of a plaintiff's injury. *Wood v. Wilson*, No. 21-5153, 2021 WL 7161614, at *3 (6th Cir. Sept. 29, 2021) (citations omitted). Thus, the claim must be presented to the agency within two years after the time of the injury, absent

---

[2] To the extent Plaintiff's First Cause of Action can be read to set forth a negligent supervision claim, such claim must also be dismissed. First, the claim is similarly time-barred. Second, Plaintiff failed to exhaust her administrative remedies since the claim is not part of her untimely submitted Claim for Damage, Injury, Or Death, Standard Form 95 ("SF-95"). (See SF-95 attached hereto as Ex. A). Third, such a claim is not cognizable because supervising employees generally falls outside of the government's waiver of sovereign immunity under the FTCA. *See Snyder v. United States*, 590 F. App'x 505, 509-10 (6th Cir. 2014).

4

extraordinary circumstances justifying equitable tolling. 28 U.S.C. § 2401(b); *United States v. Wong*, 575 U.S. 402, 408 (2015); *Everage Real Est., Inc. v. United States*, No. 18-5572, 2019 WL 2404269, at *1 (6th Cir. Jan. 3, 2019) ("Before bringing suit against the United States for tort damages, a plaintiff must exhaust her administrative remedies by filing a claim with the appropriate federal agency within two years after her claim accrues.") (citations omitted).

In this case, Plaintiff failed to present her tort claim to ICE within two years of the alleged events. Her claims accrued at the time of the alleged sexual assault(s). *See Wood*, 2021 WL 7161614, at *3 (tort claims under the FTCA accrue at the time of a plaintiff's injury). Plaintiff does not provide the specific dates of the alleged assaults. In her Complaint, however, she claims the assaults occurred on two occasions. (Compl., ECF No.1, paras. 20, 26, PageID # 3-4). In addition, Plaintiff's Complaint incorporates by reference Defendant Golobic's indictment in the criminal case brought against him. (*see Golobic* Crim. Case, Indictment, ECF No. 1, PageID # 1). Count I and III of the indictment relate to Plaintiff (identified as "Victim A") and state that the offenses occurred between May 2018 and June 2020. (*Id*. paras. 7, 11, PageID # 2-3).

Plaintiff submitted her FTCA claim to ICE on January 18, 2023 alleging that the incidents occurred from May 2018 through June 2020.[3] (*See* SF-95, Ex. A at 2.) This means that Plaintiff was required to present her administrative claim to ICE, at the very latest, by June 30, 2022. *See* 28 U.S.C. §2401(b). Plaintiff submitted her claim to ICE on January 18, 2023, more than six months after the expiration of the two-year statute of limitations. (*Id*.)

---

[3] When ruling on a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a court may consider documents other than the pleadings that are referred to in the complaint and are integral to the claims therein without converting the motion to dismiss into one for summary judgment. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

Moreover, Plaintiff explicitly acknowledges her failure to meet the requirements of § 2401(b), and thus, her failure to assert her claims strictly within the limitations period identified in the FTCA. (Compl., ECF No. 1, para. 30, PageID #4.) As such, her tort claim against the United States is untimely and should be dismissed.

### B. Plaintiff Is Not Entitled to Equitable Tolling

The Supreme Court has held that equitable tolling applies to the FTCA's statute of limitations in extraordinary circumstances. *United States v. Wong*, 575 U.S. 402, 412 (2015). Contrary to her assertion, Plaintiff is not entitled to equitable tolling of the FTCA's two-year statute of limitations in this case. The doctrine of equitable tolling pauses the running of a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Although 'equitable tolling may be applied in suits against the government,'" both the Supreme Court and the Sixth Circuit have instructed that the doctrine should be applied "sparingly," and not to excuse "garden variety" excusable neglect or lack of due diligence. *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017) (quoting *Chomic*, 377 F.3d at 615). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citing *Johnson v. U.S. Postal Serv.*, No. 86-2189, 1988 WL 122962, at *3 (6th Cir. Nov.16, 1988)).

The Sixth Circuit weighs the following factors in deciding whether a limitations period should be equitably tolled:

6

> (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Jackson v. United States*, 751 F.3d 712, 719 (6th Cir. 2014) (citing *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).

If the Plaintiff seeks equitable tolling, she "bears the burden of proving [s]he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Bazzo v. United States*, 494 F. App'x 545, 547 (6th Cir. 2012). Plaintiff's burden of proof is a heavy one given that equitable tolling is permitted only in extraordinary circumstances that usually are beyond a claimant's control. *Pace,* 544 U.S. at 418. In her Complaint, Plaintiff asserts that she is entitled to equitable tolling because she is not a native of this country and does not know its laws and rights, that she was never told to pursue civil claims during the criminal investigation, and that she contacted an attorney who told her he was unable to help her. (Compl., ECF No. 1, para. 30, PageID # 4.) Based upon these facts, Plaintiff makes the conclusory assertion that she satisfies all the Sixth Circuit factors and is entitled to tolling. (*Id.*) Plaintiff's conclusory statements are insufficient to meet her high burden of proof. Plaintiff merely claims ignorance of the filing requirement, yet she fails to show any diligence in pursuing her rights. The Sixth Circuit has stated that such a "lack of diligence by a claimant acts to defeat his claim for equitable tolling." *Chomic*, 377 F.3d at 616 (quoting *Cantrell v. Knoxville Cmty. Dev. Corp*, 603 F.3d 1177, 1180 (6th Cir. 1995)).

While it is true that Plaintiff is not a native of the United States, she has been in the United States since she was seven years old. Plaintiff additionally argues that she "does not know [the United States'] laws and rights[,]" and that the criminal investigators did not tell her to

7

pursue a civil claim. (Compl., ECF No. 1, para. 30, PageID # 4.)  Significantly, she does not allege that she was misled by the investigators. None of these facts establish diligence by the Plaintiff, and certainly do not show extraordinary circumstances.  Indeed, ignorance of the law does not justify equitable tolling. *See Giles v. Beckstrom*, 826 F.3d 321, 325 (6th Cir. 2016); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012).

The only effort Plaintiff made was to consult an attorney at some unknown point in time. (Compl., ECF No. 1, para. 30, PageID # 4.) She claims that attorney told her "he could not do anything for her." *Id*.  She fails to state whether that meeting occurred before or after the expiration of the limitations period, whether that meeting was related to her claims in this matter, or what is meant by him being unable to do anything for her.  In any event, "a lawyer's mistake is not a valid basis for equitable tolling." *Jurado v. Burt*, 337 F.3d 638, 644-645 (6th Cir. 2003)(quoting *Whalen v. Randle*, 37 F. App'x. 113, 120 (6th Cir. 2002); *Fahy v. Horn*, 240 F.3d 239, 244 (3rd Cir. 2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"). "[T]he remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." *Whalen*, 37 F.App'x. at 120 (citing *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999)).

The United States would suffer prejudice if equitable tolling were permitted in this case. Because of Plaintiff's more than six-month delay, the recollections of witnesses are not as fresh and evidence may have been lost, making it more difficult to defend the case. *Jackson*, 731 F.3d at 720. When "considering the fourth factor, prejudice," the Sixth Circuit has recognized "the difficulty the government would have in litigating a matter that was filed [only] four months beyond the limitations period." *Id.*; see also *Kubrick*, 444 U.S. at 117–18 ("Section 2401(b) . . .

8

is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims."). Regardless, the absence of prejudice is a factor to be considered only after Plaintiff identifies a factor that justifies tolling. *Baldwin Cnty Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Plaintiff has not done so.

As the Supreme Court has articulated, courts apply equitable tolling "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). Equitable tolling is "sparingly" bestowed, and has generally been reserved for compelling circumstances beyond a litigant's control. *Graham-Humphreys*, 209 F.3d at 561("[t]ypically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.") Here, Plaintiff has not identified a circumstance beyond her control or any due diligence to justify tolling. Her untimely tort claim against the United States should be dismissed.

### C. The United States Cannot Be Held Liable For The Conduct Of An Employee Who Was Not Acting Within The Scope Of His Employment

Even assuming that Plaintiff's claim is not time-barred, Plaintiff's tort claim against the United States also fails because Defendant Golobic was not acting within the course and scope of his federal employment. The FTCA authorizes suits against the United States for:

> [M]oney damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government **while acting within the scope of his office or employment**, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

9

28 U.S.C. § 1346(b)(1)(emphasis added). Thus, among other things, a plaintiff has the burden of demonstrating that the negligent or wrongful acts or omissions that gave rise to her claim were those of an "employee of the Government while acting within the scope of his…employment…." *Id.* The determination of whether an employee is acting within the scope of employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred. 28 U.S.C. § 1346(b)(1); *Coleman v. United States*, 91 F.3d 820, 823 (6th Cir. 1996); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir.1996); *Arbour v. Jenkins*, 903 F.2d 416, 422 (6th Cir.1990). Here, as alleged in the Complaint, the acts occurred in the State of Ohio. (Compl., ECF No.1, para. 36, PageID # 5.)

Under Ohio law, an employee acts within the scope of his employment if his conduct: (1) is of the kind which he is employed to perform; (2) occurs substantially within the authorized limits of time and space; and (3) is actuated, at least in part, by a purpose to serve the employer. *Anderson v. Toeppe*, 688 N.E.2d 538, 543 (Ohio Ct. App. 1996) (citation omitted). "[A]n intentional and willful attack committed by an agent or employee, to vent his own spleen or malevolence against the injured person, is a clear departure from employment and his principal or employer is not responsible therefore." *Byrd v. Faber*, 565 N.E.2d 584, 588 (1991). "An employer is not liable for the independent acts of employees that in no way facilitate or promote the employer's business." *Anderson,* 688 N.E.2d at 543. Furthermore, for an employer to be liable for the acts of the employee, when that employee engages in intentional tortious conduct, the employee's behavior "must be calculated to facilitate or promote the business for which he was employed or engaged." *Cooper v. Grace Baptist Church of Columbus, Ohio*, 612 N.E.2d 357, 362 (Ohio Ct. App. 1992).

10

Nothing in Plaintiff's Complaint or her SF-95 establishes that the alleged sexual assaults were activities that Defendant Golobic was employed by ICE to perform, occurred within the authorized limits of work time and space, or that the purpose was to serve the employer. In her Complaint, Plaintiff states that her contact with Defendant Golobic was via his personal cellular phone (Compl., ECF No. 1, para. 12, PageID # 3.)  In addition, Plaintiff states that both alleged sexual assaults occurred at Defendant Golobic's home. (*Id*., paras.15-20, 26; SF-95 Narrative, Ex. A. at 4.)

Ohio courts routinely deem sexual assaults to be outside the scope of employment. *Benner v. Dooley*, No. 99CA007448, 2000 WL 1072462, at *2 (Ohio Ct. App. Aug. 2, 2000) (sexual assault was not within scope of employment); *Stephens v. A-Able Rents Co*., 654 N.E.2d 1315, 1320 (Ohio Ct. App. 1995) (felonious assault and attempted rape of customer was outside scope of employment); *Byrd,* 565 N.E.2d at 587 (pastor's nonconsensual sexual conduct with parishioner outside of the scope of employment).  Similarly, sexual assault or rape in no way facilitates or promotes the employer's business, so it is outside the scope of employment.  *Sitton v. Massage Odyssey, LLC*, 158 N.E.3d 156, 159-60 (Ohio Ct. App. 2020); *Evans v. Thrasher*, No. C-120783, 2013 WL 5864592, at *4(Ohio Ct. App. Oct. 30, 2013).

Defendant Golobic is a former employee of ICE.  His actions, as described by the Plaintiff, in no way benefited ICE.  In fact, Defendant Golobic's alleged actions are wholly counter to ICE's mission to "[p]rotect America through criminal investigations and enforcing immigration laws to preserve national security and public safety." *See* https://www.ice.gov/mission. Accordingly, Defendant Golobic's alleged sexual assaults of Plaintiff were not within the scope of his employment.

11

In a case with similar allegations, a Bureau of Prisons ("BOP") corrections officer sexually assaulted a prisoner in his personal residence while he was transporting her to a medical appointment. *Flechsig v. United States*, 991 F.2d 300 (6th Cir. 1993).[4] The plaintiff asserted that, while transporting her to a CAT scan off the BOP premises, the corrections officer stopped at his apartment and told the plaintiff that if she did not enter his home he would report to the BOP that she attempted to escape. *Id*. at 302. The corrections officer then sexually assaulted the plaintiff. *Id*. Applying Kentucky law, the district court dismissed the assault and battery claim, concluding that it was not within the scope of the officer's employment, as required by 28 U.S.C. § 1346(b). *Id*. at 303. Kentucky law on scope of employment is nearly identical to Ohio law.[5]   The Sixth Circuit affirmed the district court's decision, explaining that the corrections officer's assault was outside the scope of employment because: (1) the conduct was far outside what the officer was employed to do; (2) his apartment was outside the spatial limit of his employment; and (3) he was not motivated to serve his employer in any way. *Id*. The court stated that, "as a general rule[,] it is not within the scope of a servant's employment to commit an assault upon a third person and the master is not liable for such an assault though committed while the servant was

---

[4] The *Flechsig* case is cited here for its analysis of whether or not an officer is acting in the scope of his employment. *Flechsig* has been partially overruled on other grounds by the Supreme Court's decision in *Millbrook v. United States*, 569 U.S. 50 (2013), which held that the FTCA applies to all activities taken by law enforcement officers when acting within the scope of their employment. In *Millbrook*, the government conceded that the officer was acting within the scope of his employment, so *Millbrook* did not overrule the *Flechsig* court's analysis of whether or not a particular action is within the officer's scope of employment. *Millbrook*, 569 U.S. at 55, fn 3.

[5] Kentucky law states that the employer is liable for the act of an employee, if "(1) the act is of the kind the offender is employed to perform; (2) it occurs substantially within the authorized time and space limits of the employment; and, (3) the offender is actuated, at least in part, by a purpose to serve [the employer]." *Flechsig*, 991 F.2d at 303(quoting *Fournier v. Churchill Downs-Latonia, Inc.*, 166 S.W.2d 38, 40 (1942)).

12

about the master's business." *Id*. (quoting *Southeastern Greyhound Lines v. Harden's Adm'x*, 136 S.W.2d 42, 45 (1940)).

Based upon the forgoing, Plaintiff cannot establish that Defendant Golobic was acting in the scope of his employment when he sexually assaulted her.  Her claims are outside the limited types of tort claims permitted against the United States under the FTCA and must be dismissed.

### III. THE UNITED STATES HAS NOT WAIVED SOVEREIGN IMMUNITY FOR CLAIMS UNDER THE TRAFFICKING VICTIM PROTECTION REAUTHORIZATION ACT

The Court also must dismiss Plaintiff's second cause of action against the United States because it is barred by the United States' sovereign immunity. It is well-settled that the doctrine of sovereign immunity removes subject matter jurisdiction in actions against the United States unless the government has consented to suit. *Collin v. Comm'r of Soc. Sec.*, 881 F.3d 427, 429 (6th Cir. 2018). In other words, "[t]he United States cannot be sued at all without the consent of Congress." *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) (quoting *Block v. North Dakota*, 461 U.S. 273, 287 (1983), *superseded on other grounds by* Quiet Title Act, 28 U.S.C. § 2409a(a)). "It is equally well-settled that the federal government's sovereign immunity extends to federal agencies," such as the Department of Homeland Security and Immigration and Customs Enforcement. *Charles v. Fed. Bureau of Prisons*, No. 1:20-CV-217, 2021 WL 3421273, at *1 (S.D. Ohio Aug. 4, 2021)(citing *United States v. Testan*, 424 U.S. 392, 399 (1976).

A waiver of sovereign immunity may not be implied and exists only when Congress has expressly waived immunity by statute. *Muniz-Muniz*, 741 F.3d at, 671(citations omitted). In other words, "to sue a federal agency, a plaintiff typically must locate a federal statute in which Congress waived the agency's sovereign immunity defense for the claim being asserted." *Charles*, 2021 WL 3421273, at *1.

Plaintiff incorrectly contends that the damages remedy contained in the TVPRA, 18 U.S.C. § 1595, authorizes suit against the United States. (Compl., ECF No. 1, para. 53-54, PageID #8). On the contrary, the TVPRA does not contain an unequivocal waiver of sovereign immunity that would permit suit against the United States. *Akins v. United States*, No. 21-CV-1824-BAS-WVG, 2021 WL 5203294, at *5 (S.D. Cal. Nov. 9, 2021) (holding that district courts lack subject matter jurisdiction over claims against United States of America under 18 U.S.C. § 1595(a)); (citing *Mojsilovic v. Okla. Ex rel. the Bd. of Regents Univ. of Okla.*, 841 F.3d 1129,1132-33 (10th Cir. 2016)); *Gabbidon v. Wilson*, No. CV 1:19-00828, 2023 WL 2520732, at *1 (S.D.W. Va. Mar. 14, 2023) (same).

The language in 18 U.S.C. § 1595 that creates a cause of action provides that a victim may bring a civil action against "the perpetrator" of a violation under the TVPRA, or against "whoever knowingly benefits, or attempts or conspires to benefit . . . from participation in a venture which . . . has engaged in an act in violation" of the TVPRA. 18 U.S.C. § 1595(a). Because "the perpetrator" and "whoever" are vague and undefined, this language does not explicitly waive the United States' sovereign immunity. A waiver of sovereign immunity must be unambiguous and "'unequivocally expressed in the statutory text.'" *Hohman v. Eadie*, 894 F.3d 776, 786 (6th Cir. 2018) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)); see also *Robinson v. United States Dep't of Educ.*, 917 F.3d 799, 800 (4th Cir. 2019) (holding that a waiver of sovereign immunity must be unambiguous and unequivocal.) Because the language of 18 U.S.C. § 1595(a) does not expressly waive the United States' sovereign immunity, the Court lacks subject matter jurisdiction over Plaintiff's claim against the United States under the TVPRA. Therefore, this Court must dismiss this claim.

14

**CONCLUSION**

For the reasons articulated above, Plaintiff failed to submit a timely tort claim to ICE and is not entitled to tolling, the United States is not liable under the FTCA for conduct, here sexual assault, that falls outside of an employee's scope of employment, and Plaintiff has not identified a waiver of sovereign immunity related to her purported claim under the TVPRA. Therefore, Plaintiff's Complaint should be dismissed.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney
Northern District of Ohio

By:  s/ Sara E. DeCaro
  Sara E. DeCaro (0072485)
  Ruchi V. Asher (0090917)
  Assistant United States Attorneys
  Acting Under Authority Conferred by 28 U.S.C. § 515
  United States Court House
  801 West Superior Avenue, Suite 400
  Cleveland, OH 44113
  (216) 622-3670 – DeCaro
  (216) 622-3718 - Asher
  (216) 522-4982 - FAX
  Sara.DeCaro@usdoj.gov
  Ruchi.Asher@usdoj.gov

  Attorneys for the DHS, ICE, and USA

15