IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JANE DOE, | : |
| *Plaintiff*, | : Case No. 1:23-cv-517 |
| vs. | : Judge Jeffery P. Hopkins |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | : |
| *Defendants*. | : |

**OPINION AND ORDER**

Plaintiff Jane Doe ("Plaintiff Doe") was born in Mexico. After coming to the United States without authorization, she was detained in April 2018 by U.S. Immigration and Customs Enforcement ("ICE"). Upon her release from ICE detention, Plaintiff Doe was assigned to supervision by Andrew Golobic (hereinafter referred to individually as "Defendant Golobic"), a former ICE employee and one of four named defendants in this action, along with the United States, the U.S. Department of Homeland Security, and ICE (hereinafter collectively referred to as "the Government Defendants"). In the months which turned into years that followed these events, Defendant Golobic engaged in abhorrent and illegal conduct towards Plaintiff Doe and other women in unlawful immigration status placed under his supervision. Plaintiff Doe, one of the victims identified in an indictment and criminal prosecution brought against Defendant Golobic, now sues the Government

Defendants seeking monetary relief.[1] She asserts two claims: (1) violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and (2) violation of the Trafficking Victims Protection Act ("TVPRA"), 18 U.S.C. § 1581 *et seq*. The Government Defendants in response now ask this Court to dismiss both claims. Doc. 18 (the "Motion"). Plaintiff Doe does not oppose dismissal of the TVPRA claim as asserted against the Government Defendants but vigorously opposes dismissal of the FTCA claim. Doc. 21.

I.  BACKGROUND

The complaint alleges depraved and egregious conduct on the part of Defendant Golobic who took unfair advantage of a vulnerable population using his position as an ICE employee. After being detained because of her immigration status in April 2018, Plaintiff Doe was assigned to the supervision of Defendant Golobic. Compl., Doc. 1, ¶ 5. That supervision was supposed to be conducted through a phone application called Smart Link. *Id.* ¶ 6. After that application stopped working, Plaintiff Doe sought assistance from Defendant Golobic. Plaintiff Doe recounts that Defendant Golobic took her phone, looked through her pictures, and made comments about her appearance. *Id.* ¶ 8–10. Further, according to Plaintiff Doe, Defendant Golobic became flirtatious and gave Plaintiff Doe his personal cell phone number, the only number that she had to maintain contact with him. *Id.* ¶ 11.

A short time later, Plaintiff Doe alleges that she needed her passport to open a bank account, which she had turned over to Golobic. When she contacted Defendant Golobic, he told her that he had taken the passport from his office and that she needed to come to his

---

[1] Relative to this action, this Court "may take judicial notice of facts in a public record that 'are not subject to reasonable dispute.'" *Blackwell v. Nocerini*, 123 F. 4th 479, 487–88 (6th Cir. 2024) (quoting *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005)). Doing so does not convert the Government's motion to dismiss into a motion for summary judgment. *Id.* at 487.

2

house to retrieve it. *Id.* ¶ 13–20. While there, Plaintiff Doe indicated that she felt trapped and ultimately was forced to engage in sexual conduct in order to obtain her passport from Defendant Golobic. *Id.* Plaintiff Doe further alleges that, after the first rape, Defendant Golobic repeatedly tried to have her meet him at his house. *Id.* ¶ 21–25. According to Plaintiff Doe, she at first resisted his advances, but Defendant Golobic made comments that led her to believe he would retaliate against her for rejecting his advances by arresting the undocumented members of her family and her neighbors. As a result, Plaintiff Doe felt compelled to return to his house, where the rapes continued. *Id.* ¶ 26.

At some point, the Government learned of Defendant Golobic's conduct and a criminal investigation ensued. Defendant Golobic was ultimately indicted in this District in December 2022. *See United States v. Andrew Golobic*, No. 1:22-cr-107. In her complaint, Plaintiff Doe incorporates by reference all the allegations in that indictment in which Plaintiff Doe is described as Victim A.[2] Compl., Doc. 1, ¶ 27. Throughout the criminal investigation and subsequent prosecution, Plaintiff Doe cooperated with the government. *Id.* ¶ 30. Plaintiff Doe further alleges that she was never advised by law enforcement during the investigation or prosecution to pursue civil claims that related to Defendant Golobic's conduct. *Id.* And although she met with a civil attorney, that attorney advised her he could do nothing for her. *Id.* After a jury returned a verdict convicting Golobic on four of the seven counts in the indictment in January 2024, Defendant Golobic was sentenced on March 10, 2025, to 144 months imprisonment and 25 years of supervised release.

---

[2] "[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Doe v. Ohio State Univ.*, 219 F. Supp. 3d 645, 653 (S.D. Ohio 2016) (citations omitted).

As part of her FTCA claim, Plaintiff Doe alleges that she suffered personal injury and incurred damages proximately caused by the negligence or wrongful acts of the Government Defendants that led to her being sexually assaulted while in the custody, care, and control of the United States. *Id.* ¶ 33–40. The Government Defendants seek to dismiss this claim under Rule 12(b)(6) for two reasons: (1) Plaintiff Doe's claim is time-barred and not subject to equitable tolling, and (2) even if her claim is not time-barred, Plaintiff Doe fails to state a claim upon which relief can be granted because Defendant Golobic was not acting within the scope of his employment during commission of the alleged sexual assaults and consequently, the Government Defendants cannot be held liable for his actions. Doc. 18, PageID 96.

## II.  STANDARD OF REVIEW

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This, however, requires "more than labels and conclusions [or a formulaic recitation of the elements of a cause of action," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Indeed, under the plausibility standard set forth in *Twombly* and *Iqbal*, courts play an important gatekeeper role, ensuring that claims being brought by plaintiffs meet a plausibility threshold before defendants must face the potential rigors (and costs) of the discovery process. "Discovery, after all, is not designed as a method by which a plaintiff discovers whether he

has a claim, but rather a process for discovering evidence to substantiate plausibly-stated claims." *Green v. Mason*, 504 F. Supp. 3d 813, 827 (S.D. Ohio 2020).

In deciding a motion to dismiss, the district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). In doing so, the district court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000).

### III. LAW AND ANALYSIS

#### A. Plaintiff is not entitled to equitable tolling.

To start, there is no dispute that Plaintiff Doe's claim under the FTCA is time-barred. Plaintiff Doe concedes that she did not meet the presentment deadline imposed on all claims brought under the FTCA in civil complaints filed against the government of the United States as set forth in § 2401(b):

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). *See* Doc. 21, PageID 143. To avoid dismissal on this basis, however, Plaintiff Doe asks this Court to equitably toll the applicable two-year limitations period. Doc. 21, PageID 143 (citing *D.B. v. Shelby County Health Care Corp.*, 861 F. App'x 634 (6th Cir. 2021)). The doctrine of equitable tolling, which, in rare instances, applies to FTCA claims, permits a trial court to extend the time period for a litigant to file suit when the litigant fails to file within the limitation period but only when the litigant shows that the failure to timely file suit was *unavoidable*. *D.B.*, 861 F. App'x at 636 (emphasis added); *United States v. Wong*,

5

575 U.S. 402, 420 (2015) (holding that "the FTCA's time bars are non-jurisdictional and subject to equitable tolling"). Plaintiffs suing the federal government and seeking to invoke the equitable tolling doctrine to file a FTCA claim past the two-year limitations period bear the burden of establishing its relevance. *D.B.*, 861 F. App'x at 636.

There are five factors that district court judges have examined to discern the applicability of the equitable tolling doctrine: (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) prejudice to the defendant; and (5) the plaintiff's reasonableness in ignoring the filing requirement. *Jackson v. United States*, 751 F.3d 712, 719 (6th Cir. 2014) (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)); *see D.B.*, 861 F. App'x at 636 (explaining that these factors are applied in FTCA suits). These factors are not exhaustive and not every factor may apply to every case. *Wershe v. City of Detroit*, 112 F. 4th 357, 366 (6th Cir. 2024).

The first, second, third, and fifth factors (actual notice, constructive knowledge, diligence, and reasonable ignorance) are most easily addressed together. As to these factors, Plaintiff Doe alleges (1) that she is a young adult and a native of Mexico, (2) that despite her cooperation with law enforcement, at no time did anyone from the government advise her of her right to sue under the FTCA, (3) that she consulted an attorney but his advice was that he could do nothing to assist her, and (4) that once she disclosed Defendant Golobic's conduct, she did everything that could be expected of her, including cooperating with law enforcement and seeking advice about her civil case from a plaintiff's attorney. Doc. 21, PageID 145–46.

Though the Court empathizes with Plaintiff Doe given the sordid details of what occurred, the law is clear: "[i]gnorance of the legal process alone will not provide the basis for

an equitable tolling claim." *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991) (citing *Campbell v. Upjohn Co.*, 676 F.2d 1122, 1127 (6th Cir. 1982)); *see also Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005). This rule applies with equal force to incarcerated and pro se litigants, *Harvey v. Jones*, 179 F. App'x 294, 299 (6th Cir. 2006), and even to litigants with poor or limited education or those who cannot speak, write, or understand English. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("We hold that where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations."). Under the circumstances and established law, the Court simply cannot find that Plaintiff Doe lacked actual notice based solely on her youth and Mexican heritage.[3]

      The general allegations in Plaintiff Doe's complaint compel the same conclusion for the constructive knowledge factor. *Black's Law Dictionary* (12th ed. 2024) defines constructive knowledge as "[k]nowledge that one using reasonable care or diligence should have." In her complaint, Plaintiff Doe emphasizes that despite her cooperation, at no time did anyone in law enforcement advise her of her rights under the FTCA. Compl., Doc. 1, ¶ 30. But the question arises: what duty, if any, did law enforcement agents have to inform Plaintiff Doe of her right to sue the government under the FTCA? The answer unquestionably is none. Plaintiff Doe does not allege that she asked law enforcement agents about her rights, nor that she was in any way misled by the investigators with whom she cooperated. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[W]e have allowed equitable tolling in situations

---

[3] The Court arrives at this conclusion without relying on the Government's assertion that Jane Doe has resided in the United States since she was seven years old. Doc. 18, PageID 99. Jane Doe objects to the Government relying on this fact as it is not contained in her complaint. Doc. 21, PageID 144, n.1. The Court notes, however, that Jane Doe does not otherwise dispute the accuracy of the assertion.

where the claimant has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass.").

Nothing in the record now before the Court moves the needle in Plaintiff Doe's favor. Plaintiff Doe did not attempt on her own to present or file a claim within the two-year timeframe allowed under 28 U.S.C. § 2401(b). And none of the averments in her complaint point to any conduct by government agents, who through trickery, sought to induce Plaintiff Doe to file past the statutory deadline, or that they took any steps to convince her not to file or present a claim for civil damages for that matter. Nor were the Government Defendants under any legal obligation to inform her of the approaching deadline to file a claim. Logically thinking, perhaps the only goal on the minds of the law enforcement agents handling the Golobic criminal case was securing Plaintiff Doe's full cooperation to assist the investigation, seeing if she might make a good witness for the prosecution, and ultimately obtaining a conviction—an outcome that was anything but certain given Golobic's acquittal on two of the seven counts in the indictment—including an acquittal on one of the counts in the indictment related to Plaintiff Doe, who had been identified as Victim A.[4] Without more, Plaintiff Doe cannot invoke the equitable tolling doctrine to avoid the time-bar imposed by the statutory deadline, given the absence of any facts implicating the Government Defendants in dissuading, frustrating, or hindering her attempt to file or present a civil claim under the FTCA within two years after Golobic's conduct ended—or when her claim accrued.

---

[4] At trial, the jury was unable to return a verdict on count one, the other count related to Plaintiff Doe. The court declared a mistrial as this count, and granted the government's request for a continuance of the retrial on this count until Defendant Golobic's criminal appeal is decided. Doc. 92.

Beyond this, Plaintiff Doe contends it should count for something in the eyes of the law that she had contacted an attorney to pursue her legal rights before the statutory deadline expired who "told her he could not do anything for her." Compl., Doc. 1, ¶ 30. While she concedes that "an attorney's mistake is typically not grounds for equitable tolling," *Wershe*, 112 F.4th at 367, she tries to draw a distinction between the fact that she only consulted an attorney, and that she did not form an attorney-client relationship with that person. Although the Sixth Circuit in *Wershe* focused on the fact that "the lawyer acts 'as the agent of his client,' and the client therefore 'must bear the risk of attorney error,'" *id.*, Plaintiff Doe relies on facts that make a distinction without difference. Plaintiff Doe does not allege that she was prevented from consulting other attorneys in pursuit of her claim, nor that she tried to do so. In the end, the poor advice of an attorney (retained or not) is not enough to show that Plaintiff Doe has plausibly alleged entitlement to equitable tolling. *See e.g.*, *S.R. v. United States*, No. 07-20648-CIV-ALTONAGA, 2008 WL 4826090, at *9 (S.D. Fla. Nov. 5, 2008) (finding that an attorney's failure to properly advise the plaintiff, who had been sexually abused by federal correctional officers, is not a basis for equitable tolling under the FTCA).

As to diligence and reasonable ignorance, Plaintiff Doe relies on her consultation with a single attorney and cooperation with the Government after disclosing Defendant Golobic's conduct. In rare instances, a plaintiff can establish diligence by showing that she consulted legal professionals. *Gordillo v. Holder*, 640 F.3d 700, 705 (6th Cir. 2011) (concluding that litigants diligently pursued their claims when three lawyers, a fourth legal professional, and an immigration judge told the litigants that they lacked available relief). But the level of consultation must be reasonable under the circumstances. Here, Plaintiff Doe alleges that she consulted only *one* attorney during the period at issue which does not suggest diligence under

9

these facts.[5] *Wershe*, 112 F.4th at 368 (concluding that the mere fact that [the plaintiff] consulted two attorneys about his claims did not establish diligence during the period over which he sought equitable tolling).

While it does warrant noting that Plaintiff Doe presented her claim only a month after Defendant Golobic was indicted, Plaintiff Doe does not plead any facts or offer any arguments in rebuttal to the Government's motion that suggests she intentionally or was forced to wait to present her claim until after he was formally charged out of fear of reprisal. And though she alleges that she feared retaliation from Defendant Golobic for rejecting his advances, *see* Compl., Doc. 1, ¶ 25, Plaintiff Doe does not plead any facts or offer any argument that would suggest she feared retribution or retaliation for pursuing her rights under the FTCA.[6] *See, e.g.*, *Doe v. United States*, 76 F.4th 64, 71–73 (2d Cir. 2023) (remanding to the district court to decide whether the plaintiff, who feared retaliation, was entitled to equitable tolling because "the record allow[ed] for a finding that [plaintiff] faced extraordinary circumstances and acted with reasonable diligence" in pursuing her FTCA claim).

Make no mistake. The conclusion reached by the Court should not be construed as any criticism of Plaintiff Doe. She endured an unspeakable assault to her person and her dignity that no one should ever have to endure. Plaintiff Doe deserves a tremendous amount of credit for her bravery and for coming forward to aid a significant, federal criminal prosecution at great personal embarrassment with perhaps very little reward, given her

---

[5] The Court presumes, based on the allegations in the complaint, that Jane Doe retained her present counsel after the presentment deadline.

[6] In relation to her TVPRA claim, Plaintiff Doe alleges in her complaint that the Government Defendants continued deportation proceedings against her "into 2021" and that this constituted "an attempt to obstruct the enforcement of the TVPRA." Compl., Doc. 1, ¶ 49–50. Plaintiff does not make any such allegation in relation to her FTCA claim.

immigration status. In doing so, she demonstrated admirable courage and strength while no doubt undergoing exceptional emotional distress. But all that said, on the limited factual predicate proffered, the Court struggles to draw any favorable inferences that would assist in finding that Plaintiff has plausibly alleged she can satisfy the first, second, third, or fifth factors—or that further factual development of these allegations through discovery would allow her to do so. *See Iqbal,* 556 U.S. at 678.

As to the fourth and final factor to consider, prejudice, the record before the Court reveals that Plaintiff Doe did not present her FTCA claim until January 18, 2023—which is more than six months after the presentment deadline of June 30, 2022, established by 28 U.S.C. § 2401(b). Doc. 18, PageID 97. The Government argues that it would be prejudiced by this length of delay because "the recollections of witnesses are not as fresh and evidence may have been lost, making it more difficult to defend the case." Doc. 18, PageID 100. Even if that were true, which is doubtful at best, the Court agrees with Plaintiff Doe that the Government Defendants would not suffer significant prejudice under the circumstances. While the Sixth Circuit has considered even a four-month delay to be prejudicial, *see Jackson*, 751 F.3d at 720, this case is unique in that much of the evidence underlying the allegations, including exhibits and witness recollections, has been preserved through Defendant Golobic's very thorough and highly publicized, successful criminal prosecution. Unfortunately, however, "[t]he absence of prejudice [] cannot serve as an independent basis for equitably tolling a limitations period," especially where, as here, Plaintiff Doe cannot demonstrate that any of the other four factors that support tolling exist. *Zappone v. United States*, 870 F.3d 551, 558 (6th Cir. 2017).

11

All told, courts have cautioned that equitable tolling should be applied against the Government "sparingly, and not when there has only been a garden variety claim of excusable neglect," *Jackson*, 751 F.3d 718 (quoting *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004)), and Plaintiff Doe has failed to show that additional factual development may prove hers to be more than a "garden variety claim." *Id.* Even accepting all the allegations as true and drawing every reasonable inference in her favor, this Court cannot find that this qualifies as an extraordinary case that would warrant equitable tolling. *See McCray v. Vasbinder*, 499 F.3d 568, 577 (6th Cir. 2007) (refusing to apply equitable tolling "in a less-than-extraordinary case"). Like many other courts faced with similar circumstances and cabined discretion under prevailing Sixth Circuit authority, this Court regrets that the law compels this result in the face of an indignity and harm of an unspeakable nature visited upon Plaintiff Doe. However, Plaintiff Doe cannot invoke equitable tolling when she had an unobstructed path to filing or presenting a claim under the FTCA (with the aid of an attorney or on her own) against the Government Defendants in an effort to collect civil damages that she failed to avail herself of in a timely fashion.

### IV.   CONCLUSION

For the reasons stated, the Government's Motion to Dismiss (Doc. 18) is **GRANTED**, and Plaintiff Doe's FTCA claim (Count I) is **DISMISSED** with prejudice. Plaintiff Doe's TVPRA claim (Count II), as asserted against the Government Defendants, is **DISMISSED** without prejudice. Plaintiff Doe shall **SHOW CAUSE** within 21 days as to whether she

intends to pursue her TVPRA claim against Defendant Golobic, who has yet to appear in this action.[7]

**IT IS SO ORDERED.**

March 26, 2025

Jeffery P. Hopkins
United States District Judge

---

[7] Service was issued to the United States Attorney on behalf of Defendant Golobic. However, the Government indicated that they should not be substituted for Defendant Golobic in this case. Doc. 11, PageID 44; Doc. 19, PageID 94. To date, no additional summons has been requested for Defendant Golobic.